IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| ALAIN D. BELL, | ) | CASE NO. 12-38676-H3-7 |
|   Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of Federal National Mortgage Association, its Assigns And/or Successors in Interest to Terminate the Automatic Stay of 11 U.S.C. § 362(a) to Proceed with Eviction and Request for Variance" (Docket No. 28). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Alain D. Bell ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 26, 2012.

In the instant motion, Federal National Mortgage Association ("Fannie Mae") seeks lifting of stay in order to exercise its rights with respect to property located at 13018 Dawn Hollow Ln., Houston, Texas.

Debtor opposes the instant motion, asserting that Fannie Mae obtained its interest in the property through a wrongful foreclosure.

Debtor raised the argument of wrongful foreclosure in defense to Fannie Mae's suit to evict Debtor from the property. Fannie Mae's suit was removed to the United States District Court for the Southern District of Texas, in Case No. 4:11-cv-01331. The United States District Court for the Southern District of Texas dismissed Debtor's claims for wrongful foreclosure, with prejudice. (Exhibit G).

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor lacks any equity in the property as a result of the foreclosure of his ownership interest. The instant case is a Chapter 7 case. No reorganization is contemplated. Thus, the property is not necessary to an effective reorganization.

Additionally, dismissal, with prejudice, of Debtor's claim of wrongful foreclosure constitutes cause for lifting of the stay. The court concludes that the stay should be lifted in the above captioned case.

Signed at Houston, Texas on March 29, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

3